a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ERIC DEVON NELSON, Petitioner | CIVIL ACTION NO. 1:17-CV-751-P |
| VERSUS | CHIEF JUDGE DEE D. DRELL |
| FCI-POLLOCK, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Eric Devon Nelson ("Nelson") (#34029-380). Nelson is an inmate in the custody of the Federal Bureau of Prisons, incarcerated at the Federal Correctional Institution in Pollock, Louisiana. Nelson challenges his sentence imposed in the United States District Court for the Western District of Texas.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I.  Background

Nelson was convicted of manufacture and possession with intent to distribute cocaine base. He was sentenced to a total of 160 months of imprisonment. (1:14-cr-0037 W.D. Tex., Doc. 38). Nelson did not appeal his conviction or sentence.

At sentencing, Nelson was designated a career offender under § 4B1.1 of the United States Sentencing Guidelines. (Doc. 1-2, p. 3). Nelson now challenges the

length of his sentence as a career offender in light of Mathis v. United States, 136 S. Ct. 2243 (2016).

II.  Law and Analysis

A federal prisoner may challenge his sentence under either 28 U.S.C. §§ 2241 or 2255. Though closely related, these two provisions are "distinct mechanisms for seeking post-conviction relief." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). A § 2241 petition may be filed by a prisoner challenging the manner in which his sentence is being executed or the prison authorities' determination of its duration. See Reyes–Requena v. U.S., 243 F.3d 893, 900–01 (5th Cir. 2001); Pack, 218 F.3d at 451. The proper venue for such a challenge is the district in which the prisoner is incarcerated. See Kinder v. Purdy, 222 F.3d 209, 212 (5th Cir. 2000) (citing Pack, 218 F.3d at 451).

In contrast, a § 2255 motion should be used to vacate, set aside, or correct a sentence based on errors that occurred at or prior to sentencing. See Cox v. Warden, Federal Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990) (citing United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980)). A § 2255 motion "provides the primary means of collateral attack on a federal sentence" and must be filed in the court that issued the contested sentence. See Cox, 911 F.2d at 1113.

Nelson seeks to proceed with his challenge under the savings clause of § 2255(e), which provides a limited exception to the rule that a § 2241 petition may not be used to challenge the validity of a federal sentence and conviction. See Pack, 218 F.3d at 452. The savings clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his

detention." 28 U.S.C. § 2255(e). The burden of affirmatively proving that the § 2255 remedy is inadequate is squarely on the petitioner. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). A prisoner may not utilize § 2241 merely to avoid procedural hurdles presented under § 2255, such as the one-year statute of limitations or the restriction on filing second or successive motions to vacate. See Pack, 218 F.3d at 453 (holding that neither a limitations bar nor successiveness make § 2255 ineffective or inadequate).

The Fifth Circuit has identified the limited circumstances under which the savings clause of § 2255 applies. To fall under § 2255, a petitioner must demonstrate that: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition. See Reyes–Requena, 243 F.3d at 904.

Nelson claims he is entitled to proceed under the savings clause based on Mathis v. United States, 136 S. Ct. 2243 (2016), United States v. Hinkle, 832 F.3d 569, 574 (5th Cir. 2016), and United States v. Tanksley, No. 15-11078, 2017 WL 213835 (5th Cir. Jan. 18, 2017). Nelson has not shown that Mathis—which was a direct appeal of a sentence—sets forth a new rule of constitutional law that has been made retroactive to cases on collateral review. See In re Lott, 838 F.3d 522, 523 (5th Cir. 2016) (denying authorization to file a successive application under § 2255(h)(2)

because Mathis did not set forth a new rule of constitutional law that has been made retroactive to cases on collateral review); Holt v. United States, 843 F.3d 720, 722 (7th Cir. 2016) (Mathis has not been declared retroactive by the Supreme Court—nor is it a new rule of constitutional law); United States v. Taylor, No. 16-6223, 2016 WL 7093905 (10th Cir. Dec. 6, 2016) (Mathis did not announce a new substantive rule); Brandon v. Wilson, No. 3:16-CV-142, 2017 WL 707497, at *4 (N.D.W. Va. Jan. 30, 2017) (Mathis did not announce a new rule and courts applying it have repeatedly agreed); Blackwell v. United States, Case No. 4:10–cr–00012, 2016 WL 5849384, at *5 (W.D. Va. Oct. 6, 2016) ("By the Court's own admission, Mathis does not set a new rule.").

In fact, the Supreme Court explicitly stated in Mathis that it was not announcing a new rule, and that its decision was dictated by decades of prior precedent. See Mathis, 136 S. Ct. at 2257; see also Teague v. Lane, 489 U.S. 288, 301 (1989) ("[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final.").

In Hinkle and Tanksley, the appellate court applied Mathis on direct appeal, not collateral review. See Hinkle, 832 F.3d at 574-577 (vacating sentence on direct appeal because defendant's prior Texas conviction for delivery of heroin did not qualify as a controlled substance offense under the career offender provision); Tanksley, No. 15-11078, 2017 WL 213835 (vacating sentence on direct appeal because the defendant's prior Texas conviction did not qualify as a controlled substance offense under the Guidelines). Thus, Hinkle and Tanksley offer Nelson no support.

### III. Conclusion

Because Nelson cannot meet the savings clause, he cannot proceed under § 2241. Therefore, IT IS RECOMMENDED that Nelson's petition be DENIED and DISMISSED for lack of jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __11th__ day of July, 2017.

                                                  Joseph H.L. Perez-Montes
                                                  United States Magistrate Judge